UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

REFAAT KHALIFA,

                              **COMPLAINT**

          Plaintiff,

                              JURY TRIAL DEMANDED

          -against-

CITY OF NEW YORK; Police Officer "T."
SMITH, Tax No. 935767; Police Officer JOHN
and JANE DOE 1 through 5; and Fire Department
of New York Officials JOHN and JANE DOE 6
through 10, individually and in their official
capacities (the names John and Jane Doe being
fictitious, as the true names are presently
unknown),

          Defendants.

-----------------------------------------------------------X

## NATURE OF THE ACTION

1.     This is an action to recover money damages arising out of the violation of

plaintiff Refaat Khalifa's rights under the Constitution of the United States.

## JURISDICTION AND VENUE

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the

Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

3.     The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343

and 1367(a).

4.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.     Plaintiff demands a trial by jury in this action.

1

## PARTIES

6.      Plaintiff Refaat Khalifa ("Plaintiff" or "Mr. Khalifa") is a resident of Kings County in the City and State of New York. Plaintiff is Egyptian-American and was fifty (50) years old at the time of the incident described herein.

7.      Defendant City of New York ("CITY") is a municipal corporation organized under the laws of the State of New York. It operates the New York Police Department ("NYPD"), a department or agency of defendant CITY responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually-named defendants herein. It also operates the Fire Department of New York ("FDNY"), a department or agency of defendant CITY responsible for the appointment, training, supervision, promotion and discipline of FDNY officials and supervisory officials, including the individually-named defendants herein.

8.      Defendant Police Officer "T." SMITH, Tax No. 935767 ("SMITH"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant SMITH is sued in his individual and official capacities.

9.      At all times relevant herein, defendant Police Officers JOHN and JANE DOE 1 through 5 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names or shield numbers of defendant Police Officers JOHN and JANE DOE 1 through 5.

10.      At all times relevant herein, defendant Police Officers JOHN and JANE DOE 1 through 5 were acting as agents, servants and employees of CITY and the NYPD. Defendants JOHN and JANE DOE 1 through 5 are sued in their individual and official

capacities.

11.     At all times relevant herein, defendant FDNY Officials JOHN and JANE DOE 6 through 10 were officials or supervisory officials employed by the FDNY. Plaintiff does not know the real names or shield numbers of defendant FDNY Officials JOHN and JANE DOE 6 through 10.

12.     At all times relevant herein, defendant FDNY Officials JOHN and JANE DOE 6 through 10 were acting as agents, servants and employees of CITY and the FDNY. Defendants JOHN and JANE DOE 6 through 10 are sued in their individual and official capacities.

13.     At all times relevant herein, all individually-named defendants were acting under color of state law.

## STATEMENT OF FACTS

14.     On the afternoon of August 2, 2014, Mr. Khalifa was involved in a minor car accident. While lawfully driving his car near the intersection of Colonial Road and 81st Street in Brooklyn, with his two daughters in the backseat, ages fourteen (14) and seven (7), Mr. Khalifa's car struck a road divider.

15.     Mr. Khalifa's called his wife, who subsequently arrived at the scene to meet him and their daughters.

16.     Shortly thereafter, while Mr. Khalifa was consoling his daughters, defendant FDNY Officials JOHN and JANE DOE 6 through 10 arrived at the scene of the accident, checked Mr. Khalifa's vital signs and confirmed that Mr. Khalifa, having not suffered serious physical injury from the accident, did not want to or need to go to the hospital.

3

17.     On information and belief, defendant FDNY Officials reported the accident to the NYPD.

18.     Defendant Police Officers JOHN and JANE DOE 1 through 5 and defendant Police Officer SMITH arrived at the scene.

19.     Officer SMITH asked Mr. Khalifa if he wanted to go to the hospital.

20.     Mr. Khalifa replied, as before, that he did not want to or need to go to the hospital, and that he wanted to remain with his daughters.

21.     Without basis, Officer SMITH accused Mr. Khalifa of being "on drugs" and told Mr. Khalifa that he must go to the hospital.

22.     When Mr. Khalifa reiterated that he did not need to go to the hospital, Officer SMITH grabbed Mr. Khalifa by his shirt-collar and punched his face. Officer SMITH then head-butted Mr. Khalifa.

23.     Officer SMITH handcuffed Mr. Khalifa and pulled him toward the FDNY ambulance car.

24.     As Officer SMITH was forcibly pulling Mr. Khalifa against his will, Mr. Khalifa sprained his right ankle.

25.     Officer SMITH shouted at Mr. Khalifa's wife and daughters, "He [Mr. Khalifa] is not normal," "He is crazy," and "He is on drugs."

26.     Mr. Khalifa suffered great emotional distress and trauma knowing his wife and daughters witnessed him being unjustly accused and assaulted by the NYPD.

27.     At the rear entrance of the ambulance, Officer SMITH forcibly pushed Mr. Khalifa into the vehicle, causing injury to Mr. Khalifa's legs and knees.

28.     Mr. Khalifa was then transported to the hospital at Lutheran Medical Center

in Brooklyn, accompanied by Officer SMITH.

29.     Officer SMITH kept Mr. Khalifa handcuffed inside the hospital, where he received treatment solely for the injuries to his legs, knees and ankle.

30.     At the hospital, Officer SMITH again told Mr. Khalifa's wife and daughters that Mr. Khalifa was "on drugs."

31.     At Officer SMITH's direction, Mr. Khalifa underwent a test for illicit drugs. Mr. Khalifa tested negative.

32.     After Mr. Khalifa had been handcuffed at the hospital for approximately three (3) hours, Officer SMITH removed the handcuffs.

33.     For approximately two (2) additional hours, Officer SMITH stood guard over Mr. Khalifa in the hospital, until he was released from care.

34.     At no time prior to being released from the hospital did Mr. Khalifa feel he was free to leave.

35.     Mr. Khalifa was not formally charged with any crime during this entire incident.

36.     To this day, Mr. Khalifa's daughters continue to ask him why Officer SMITH said that he was on drugs, which causes great embarrassment to Mr. Khalifa.

37.     Mr. Khalifa has no criminal record at all.

38.     As a result of defendants' actions, Mr. Khalifa suffered damages. To wit: deprivation of liberty; embarrassment and humiliation in public and in front of his family; damage to his esteem and reputation within his community and his own family; and mental anguish and physical injuries to his knees, legs and ankle.

5

**FIRST CLAIM**
**Deprivation of Federal Civil Rights**

87.     Plaintiff repeats and re-alleges every allegation contained in the paragraphs above as if fully set forth herein.

88.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under color of state law.

89.     All of the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983.

90.     The acts complained of were carried out by the aforementioned individually-named defendants in their capacities as police officers and FDNY officials, with the entire actual and/or apparent authority attendant thereto.

91.     The acts complained of were carried out by the aforementioned individually-named defendants in their capacities as police and law enforcement officers, or as FDNY officials, pursuant to the customs, usages, practices, procedures and rules of defendant CITY and its NYPD and FDNY, and other agencies, all under the supervision of ranking officers of the NYPD and FDNY.

92.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of his or her respective municipality or authority that is forbidden by the Constitution of the United States.

93.     By these actions, defendants have deprived Plaintiff of rights secured by the United States Constitution, in violation of 42 U.S.C. § 1983, for which defendants are

individually liable.

94.    By the actions described herein, defendants intentionally caused and allowed Plaintiff to be placed in apprehension of imminent harmful and offensive contact, in violation of the Constitution of the United States.

95.    Defendants' actions were not in furtherance of any legitimate police or fire-safety interest and were not otherwise privileged.

96.    As a consequence of defendants' actions as described herein, Plaintiff has been injured.

97.    Defendant CITY is liable under respondeat superior for the aforesaid injuries.

## SECOND CLAIM
### False Arrest under 42 U.S.C. § 1983

98.    Plaintiff repeats and re-alleges every allegation contained in the paragraphs above as if fully set forth herein.

99.    Defendants subjected Plaintiff to an improper, illegal and false arrest by wrongfully taking him into custody and detaining and confining him, without any probable cause, privilege or consent.

100.    As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, and Plaintiff was at all times aware of his confinement. Plaintiff was put in fear for his safety and subjected to handcuffing and other physical restraints without probable cause.

101.    As a direct and proximate result of being falsely arrested, Plaintiff was subjected to humiliation, ridicule and disgrace before his neighbors, peers and immediate family. Plaintiff's esteem was diminished in the minds of many members of his

community. Plaintiff suffered and/or will continue to suffer physical, mental and emotional pain and suffering, mental anguish, embarrassment and humiliation.

102.    The acts of defendants were intentional, wanton, malicious, reckless and oppressive and entitle Plaintiff to an award of punitive damages.

## THIRD CLAIM
### Excessive Force under 42 U.S.C. § 1983

103.    Plaintiff repeats and re-alleges every allegation contained in the paragraphs above as if fully set forth herein.

104.    The degree of force defendants used against Plaintiff as described herein was excessive, unreasonable, unwarranted and without justification.

105.    Defendants' actions as described herein were intentional, willful, malicious, egregious, grossly reckless, gratuitous, unconscionable and unprovoked.

106.    As a result of defendants' excessive force and brutality, Plaintiff has suffered physical pain from injuries including, but not limited to, cuts and scrapes on his knees and legs, and a sprained right ankle.

107.    All of the aforementioned acts of defendants constituted excessive force in violation of Plaintiff's rights under the Fourth Amendment to the Constitution of the United States, which is actionable under 42 U.S.C. § 1983 and for which the defendants are individually liable.

## FOURTH CLAIM
### Equal Protection under 42 U.S.C. § 1983

108.    Plaintiff repeats and re-alleges every allegation contained in the paragraphs above as if fully set forth herein.

109.    Defendants unlawfully discriminated against Plaintiff by violating his

Fourth, Fifth and Fourteenth Amendment rights in part because of his race, ethnicity, age and gender.

110.    Defendants and their agents, servants and employees carried out all of the aforementioned acts under color of state law.

111.    As a result of defendants' unlawful acts, Plaintiff was subjected to humiliation, ridicule and disgrace before his family and peers, as well as confinement, pain and suffering, embarrassment and emotional distress. Further, as a result of defendants' unlawful acts, Plaintiff's esteem was diminished in the minds of many members of his community. Plaintiff suffered and/or will continue to suffer physical, mental and emotional pain and suffering, mental anguish, embarrassment and humiliation.

## FIFTH CLAIM
### Failure to Intervene under 42 U.S.C. § 1983

112.    Plaintiff repeats and re-alleges every allegation contained in the paragraphs above as if fully set forth herein.

113.    The individually-named defendants who were present but did not actively participate in the unlawful conduct described herein did observe such conduct and had an opportunity to prevent such conduct, and therefore had an affirmative duty to intervene on behalf of Plaintiff to prevent the violations of his constitutional rights by the other defendant police officers and FDNY officials.

114.    Said individually-named defendants failed to so intervene.

115.    Accordingly, said individually-named defendants violated Plaintiff's Fourth, Fifth and Fourteenth Amendment rights.

116.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained

the injuries described herein.

**SIXTH CLAIM**
**Municipal Liability under 42 U.S.C. § 1983**

117.    Plaintiff repeats and re-alleges every allegation contained in the paragraphs above as if fully set forth herein.

118.    The acts complained of were carried out by the aforementioned individually-named defendants in their capacities as police officers, detectives or supervisors employed by the NYPD, or, alternatively, as officials or supervisory officials employed by the FDNY, with the entire actual and/or apparent authority attendant thereto.

119.    The acts complained of were carried out by the aforementioned individually-named defendants in their capacities as police officers, detectives or supervisors employed by the NYPD, or, alternatively, as officials or supervisory officials employed by the FDNY, pursuant to the customs, policies, usages, practices, procedures, and rules of defendant CITY and the NYPD and FDNY, all under the supervision of ranking officers of those Departments.

120.    The foregoing customs, policies, usages, practices, procedures, and rules of defendant CITY and the NYPD and FDNY constituted a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff.

121.    The foregoing customs, policies, usages, practices, procedures and rules of defendant CITY and the NYPD and FDNY were the direct and proximate cause of the constitutional violations suffered by Plaintiff, as alleged herein.

122.    The foregoing customs, policies, usages, practices, procedures and rules of defendant CITY and the NYPD and FDNY were the moving force behind the constitutional violations suffered by Plaintiff, as alleged herein.

123.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

124.    Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and firefighters and were directly responsible for the violation of Plaintiff's constitutional rights.

125.    Defendant CITY, as municipal policymaker in the training and supervision of the NYPD and FDNY, has pursued a policy and custom of deliberate indifference to the rights of people in its domain who suffer violations of their rights to freedom from unreasonable and unlawful search and seizure, and from the use of excessive and unjustified force, in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

126.    All of the foregoing acts by the defendants deprived Plaintiff of federally protected rights, including, but not limited to, the right:

    a.    Not to be deprived of liberty without due process of law;

    b.    To be free from search, seizure, arrest and imprisonment not based upon reasonable suspicion or probable cause; and

    c.    To receive equal protection under the law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against the defendants as follows:

1.  Compensatory damages against all defendants, jointly and severally;

2.  Punitive damages against the individual defendants, jointly and severally;

3.  Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

4.  Such other and further relief as this Court deems just and proper.


Dated:          November 18, 2015
                Brooklyn, New York


                              Respectfully submitted,

                              _____
                              Kim E. Richman
                              **THE RICHMAN LAW GROUP**
                              81 Prospect Street
                              Brooklyn, NY 11201
                              krichman@richmanlawgroup.com
                              212-687-8291 (telephone)
                              212-687-8292 (facsimile)

                              *Attorney for Plaintiff*