UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

REFAAT KHALIFA; SAMAH ALI; Z.K., a
minor by her parent and natural guardian
REFAAT KHALIFA; and M.K., a minor by her
parent and natural guardian REFAAT KHALIFA,     <u>FIRST AMENDED COMPLAINT</u>
                      Plaintiffs,     15-CV-6611 (FB) (ST)
             -against-
THE CITY OF NEW YORK; and Police Officer
THOMAS SMITH, Tax No. 935767,     JURY TRIAL DEMANDED
                    Defendants.

-----------------------------------------------------------X

## <u>NATURE OF THE ACTION</u>

1.      This civil rights action arises from the August 2, 2014 arrest and assault of Refaat Khalifa and the resulting violation of Plaintiffs Refaat Khalifa, Samah Ali, Z.K., and M.K.'s rights under the Constitution of the United States and New York City law. Plaintiffs seek compensatory and punitive damages for violation of their civil rights under 42 U.S.C. §1983.

## <u>JURISDICTION AND VENUE</u>

2.      This action arises under the United States Constitution and 42 U.S.C. §1983. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §1331 and §1343(3). Plaintiffs assert jurisdiction over the City of New York under 28 U.S.C. §1367 and ask that this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as do Plaintiffs' federal claims.

3.      Venue is proper in the Eastern District of New York, because events or omissions giving rise to the claim occurred in that judicial District. 28 U.S.C. §§ 1391 (b) and (c).

## <u>PARTIES</u>

4.      Plaintiff REFAAT KHALIFA ("Mr. Khalifa") is a resident of Kings County in the City and State of New York. Mr. Khalifa, who is Egyptian-American, was fifty (50) years old at the time of the incident described herein.

5.     Plaintiff SAMAH ALI ("Ms. Ali") is a resident of Kings County in the City and State of New York. Ms. Ali is Mr. Khalifa's spouse. Like her husband, Ms. Ali is Egyptian-American. She was present during and made to observe the violations of her husband's rights, and she was subjected to discriminatory conduct and statements concerning Plaintiffs' faith.

6.     Plaintiff Z.K., a daughter of Mr. Khalifa and Ms. Ali, is a resident of Kings County in the City and State of New York. She is Egyptian-American. Plaintiff Z.K. was a minor at the time of the incident described herein, being fourteen (14) years of age. She was made to observe the violations of her father's rights, and she was subjected to discriminatory statements and conduct concerning Plaintiffs' faith.

7.     Plaintiff M.K., a daughter of Mr. Khalifa and Ms. Ali, is a resident of Kings County in the City and State of New York. She is Egyptian-American. Plaintiff M.K. was a minor at the time of the incident described herein, being seven (7) years of age. She was made to observe the violations of her father's rights, and she was subjected to discriminatory conduct and statements concerning Plaintiffs' faith.

8.     Defendant CITY OF NEW YORK (the "City") is a municipal corporation organized under the laws of the State of New York. Pursuant to its Charter, the City has established and maintains a New York Police Department ("NYPD") as a constituent department or agency, and it is responsible for the appointment, training, supervision, promotion, and discipline of police officers and supervisory police officers, including the individually named defendant herein.

9.     Defendant THOMAS SMITH, Tax No. 935767 ("Smith"), at all times relevant herein, was an employee and agent of the NYPD. On August 2, 2014, he was assigned to the 68th Precinct in Brooklyn, New York.

10.     At all times relevant herein, Defendant Smith was acting within the scope of his employment by the City.

11.     At all times relevant, Defendant Smith was acting under color of state law.

-2-

12.     Defendant Smith is liable for directly participating in the unlawful conduct to which the Plaintiffs were subjected despite having a reasonable opportunity to do so.

## STATEMENT OF FACTS

13.     On Sunday afternoon, August 2, 2014, Refaat Khalifa was driving his daughters, Z.K. and M.K., home from the New York Public Library's Bay Ridge Branch, where they had returned books.

14.     As Mr. Khalifa approached the intersection of Narrows Avenue and 83rd Street, his oldest daughter, Z.K., distracted him, and the family's Honda Pilot SUV struck an entrance gate to Fort Hamilton High School. Mr. Khalifa and his daughters, who were in the backseat wearing seatbelts, were shaken but uninjured.



15.     Mr. Khalifa telephoned his wife, Ms. Ali, who subsequently arrived at the scene to meet him and their daughters.

16.     Plaintiffs observe the Muslim faith, and Samah Ali and Z.K. were dressed in hijabs.

17.     Shortly thereafter, while Mr. Khalifa was consoling his daughters, emergency medical technicians employed by the FDNY arrived at the scene of the collision, checked Mr. Khalifa's vital signs, and confirmed that Mr. Khalifa, who had not suffered serious physical injury from the accident, did not want to or need medical care or to go to the hospital.

18.     Police Officers, including Defendant Smith, arrived at the scene.

19.     Defendant Smith and other City employees witnessing or participating in the

encounter, believed and/or knew that the Plaintiffs were a family.

20.     Defendant Smith and other City employees witnessing or participating in the encounter, believed and/or knew that the Plaintiffs were of the Muslim faith.

21.     Defendant Smith asked Mr. Khalifa whether he wanted to go to the hospital.

22.     Mr. Khalifa replied, as he had explained to the FDNY employees, that he did not want or need to go to the hospital, and that he wanted to stay with his daughters.

23.     When it became clear that Mr. Khalifa's daughters would be taken to the hospital, he said that he was willing to go as well, but asked that he be allowed to go in the same ambulance with his daughters.

24.     Without any reasonable basis, Defendant Smith accused Mr. Khalifa of being "on drugs" and told Mr. Khalifa that he must go to the hospital.

25.     Plaintiff Samah Ali explained to Defendant Smith that Plaintiffs were observant Muslims and that they did not use drugs or alcohol. In response, Defendant Smith continued to insist that Mr. Khalifa was "crazy" and "on drugs," telling Ms. Ali that testing would show that Mr. Khalifa was on drugs.

26.     When Mr. Khalifa reiterated that he did not need to go to the hospital, Defendant Smith, in the presence of the other Plaintiffs, grabbed Mr. Khalifa by his shirt-collar and struck him in the face and head.

27.     Defendant Smith handcuffed Mr. Khalifa and forced him toward the FDNY ambulance.

28.     Defendant Smith caused Mr. Khalifa to fall to the ground while handcuffed.

29.     Defendant Smith shouted at Mr. Khalifa's wife and daughters, "He [Mr. Khalifa] is not normal," "He is crazy," and "He is on drugs."

30.     Defendant Smith dragged Plaintiff along the ground towards the ambulance.

31.     At the rear entrance of the ambulance, Defendant Smith forcibly pushed Mr. Khalifa into the vehicle, causing further injury to Mr. Khalifa's legs and knees.

32.     Mr. Khalifa, accompanied by Defendant Smith, was then transported to Lutheran Medical Center in Brooklyn.

33.     Defendant Smith and others, despite knowing that Plaintiffs were husband and wife, father and daughters, separated the family.

34.     After arriving at the hospital, Plaintiff Z.K. begged Defendant Smith to remove the handcuffs from her father, but Defendant Smith refused, insisting to Z.K. that her father was on drugs and dangerous.

35.     At this time, Plaintiff Ali also begged Defendant Smith to remove the handcuffs from her husband. She again explained to Defendant Smith that her family were observant Muslims and do not do drugs or alcohol.

36.     Defendant Smith responded by telling Plaintiff Ali, in the presence and hearing of her daughters, that "I know how Muslims are" and that Muslims are "terrorists."

37.     The forcible and unnecessary arrest of Mr. Khalifa traumatically ended the family's ability to comfort and support each other after the harrowing experience of the automobile collision and intensified the trauma of the collision.

38.     Plaintiffs Ali, Z.K., and M.K. suffered great emotional distress and trauma witnessing Mr. Khalifa being unjustly accused and assaulted.

39.     Mr. Khalifa suffered great emotional distress and trauma knowing his wife and daughters witnessed him being unjustly accused and assaulted.

40.     The discriminatory conduct and comments regarding the Plaintiffs' Muslim faith and false accusations that Mr. Khalifa was "on drugs" or "crazy" caused Plaintiffs emotional distress and trauma.

41.     Defendant Smith kept Mr. Khalifa handcuffed inside the hospital, where he received treatment for injuries to his legs, knees, and ankle.

*42.*     At the hospital, Defendant Smith again told Mr. Khalifa's wife and daughters that Mr. Khalifa was "on drugs."

43.     Mr. Khalifa remained handcuffed and held against his will while Defendant Smith stood guard.

44.     After approximately three (3) hours, Defendant Smith removed the handcuffs, and Mr. Khalifa and his family departed soon thereafter.

45.     At no time prior to being released from the hospital did Mr. Khalifa feel he was free to leave.

46.     To this day, Mr. Khalifa's daughters, Plaintiffs Z.K. and M.K., ask him why Defendant Smith said that he was on drugs, which causes Mr. Khalifa distress and great embarrassment.

47.     Defendant Smith's brutality and abuse caused Mr. Khalifa physical pain and injuries.

48.     Defendant Smith's acts and omissions violated Plaintiffs' constitutional rights and caused, among other things, mental and emotional pain and suffering, mental anguish, embarrassment, humiliation, and loss of liberty. Mr. Khalifa suffered physical injury to his knees, legs, and ankle.

49.     Defendant Smith, by causing or allowing Mr. Khalifa's forcible detention; transport without consent to Lutheran Hospital, where he underwent a psychiatric examination; and statements and actions motivated by discriminatory animus, acted with casual and abusive disregard for the Plaintiffs' rights and well-being and acted intentionally, willfully, maliciously, and with reckless disregard and deliberate indifference.

## CAUSES OF ACTION

### FIRST CLAIM

**False Arrest under 42 U.S.C. § 1983**
**(Against Defendant Smith)**

50.     Plaintiffs repeat the foregoing allegations as if fully set forth herein.

51.     Defendant Smith subjected Mr. Khalifa, in the presence of his spouse and two

daughters, to unlawful arrest and physical force by taking him into custody and detaining and confining him without probable cause, privilege, or consent.

52.     By the actions described above, Mr. Khalifa was deprived of his rights secured by the Constitution and laws of the United States in violation of 42 U.S.C. §1983, including, but not limited to his right to be free and secure in his person and his right to be free from arrest or search, except on probable cause or pursuant to warrant.

53.     As a consequence thereof, Plaintiff Khalifa was injured.

## SECOND CLAIM

### Excessive Force under 42 U.S.C. § 1983
### (Against Defendant Smith)

54.     Plaintiffs repeat the foregoing allegations as if fully set forth herein.

55.     Defendant Smith's unreasonable use of force on Mr. Khalifa violated Plaintiff's Fourth and Fourteenth Amendment rights.

56.     As a consequence thereof, Plaintiff Khalifa was injured.

## THIRD CLAIM

### Equal Protection under 42 U.S.C. § 1983
### (Against Defendant Smith)

57.     Plaintiffs repeat the foregoing allegations as if fully set forth herein.

58.     Defendant Smith's acts and omissions were motivated by discriminatory animus based on Plaintiffs' ethnicity and religion.

59.     As a consequence thereof, Plaintiffs were injured.

## FOURTH CLAIM

### Familial Association under 42 U.S.C. § 1983
### (Against Defendant Smith)

60.     Plaintiffs repeat the foregoing allegations as if fully set forth herein.

61.     Defendant Smith's acts and omissions violated Plaintiffs' constitutional right to familial association.

62.     As a consequence thereof, Plaintiffs were injured.

## FIFTH CLAIM

### Bias-Based Profiling under
### § 14-151 of the Administrative Code of the City of New York
### (Against Defendants)

63.     Plaintiffs repeat the foregoing allegations as if fully set forth herein.

64.     Foregoing acts and omissions by Defendants were based on Plaintiffs' actual or perceived race, ethnicity, religion, or national origin, and such were the determinative factor in the law enforcement action against the Plaintiffs.

65.     Defendants thereby engaged in bias-based profiling in violation of § 14-151 of the Administrative Code of the City of New York.

66.     As a consequence thereof, Plaintiffs were injured.

67.     Accordingly, Plaintiffs are entitled to injunctive and declaratory relief, along with reasonable attorneys' fees and costs.

## SIXTH CLAIM

### Intentional Infliction of Emotional Distress
### (Against Defendants)

68.     Plaintiffs repeat the foregoing allegations as if fully set forth herein.

69.     Defendants' unlawful conduct in connection with the August 2, 2014 arrest, including the violations of Plaintiffs' constitutional rights, constituted extreme and outrageous conduct that was beyond the boundaries of decency.

70.     Defendants acted intentionally in their unlawful conduct.

71.     Defendants' conduct was the direct and proximate cause of harm to Plaintiffs.

72.     Plaintiffs suffered and continue to suffer physical injury and emotional distress.

73.     All of the foregoing acts by Defendants deprived Plaintiffs of federally protected

rights, including, but not limited to, the right:

    a.  Not to be deprived of liberty without due process of law;

    b.  To be free from search, seizure, arrest, and imprisonment not based upon reasonable suspicion or probable cause; and

    c.  To receive equal protection under the law.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully request that judgment be entered that their rights under the United States Constitution were violated; a declaration, pursuant the Administrative Code of the City of New York §14-151, that Defendants have subjected Plaintiffs to discrimination through bias-based profiling; an order enjoining Defendants from engaging in further bias-based profiling against Plaintiffs; and

(A)    Compensatory damages against Defendants, jointly and severally in an amount to be fixed at trial;

(B)    By reason of the wanton, willful, and malicious character of the conduct complained of herein, punitive damages from Defendant Smith in an amount to be fixed at trial;

(C)    An award to Plaintiffs of attorneys' fees and costs and disbursements under 42 U.S.C. §1988 and New York City Administrative Code §141-15(d); and

(D)    Such other and further relief as this Court may deem just and proper.


Dated:        September 7, 2017
                 Brooklyn, New York

                                   Respectfully submitted,

                                   Kim E. Richman
                                   *krichman@richmanlawgroup.com*
                                   **RICHMAN LAW GROUP**
                                   81 Prospect Street
                                   Brooklyn, New York 11201

Telephone: (212) 687-8291
Facsimile: (212) 687-8292

*Attorneys for Plaintiffs*